# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

Liberty Mutual
Insurance Group et al.

v.

Bevco Precision
Manufacturing Co. et al.

August 8, 2008

Case No. (Law) CL05-39489-EHtTF

BY JUDGE TIMOTHY S. FISHER

This matter came on to be heard on the motion of Liberty Mutual Insurance Group and Siemans VDO Automotive Corporation to obtain approval of a "Third-Party Action" filed pursuant to Virginia Code § 65.2-309.

The employee, Brenda Wilson, was not present at the hearing, and the issue in the case is that the parties have been unable to obtain the consent for settlement of the Third-Party Action from Brenda Wilson. It appears that there simply has been no response from the employee Brenda Wilson.

The motion was brought pursuant to Virginia Code § 8.01-424.1. Although the effort may be admirable, it would appear that code section does not provide the relief sought by Liberty Mutual. That code section is designed for settlement of a third-party action brought by "an employee" and provides for relief to the employee where settlement has been obtained with the third party, but, the "employer" fails to consent to the settlement, the employer's consent being required under the provisions of the Workers' Compensation Act.

This is a circumstance where the employer/insurer has exercised its subrogation rights under Virginia Code § 65.2-309 and has now obtained a settlement and subsection C of that code section requires consent by the employee to the settlement. That subsection also requires approval of the Commission of the settlement.

Accordingly, it does not appear the parties have an issue from a circuit court perspective, as counsel were advised this court would enter a dismissed agreed order submitted by counsel in the normal course of procedure.

The Circuit Court does not appear to have a role to play in the approval of a settlement in a third-party action under Virginia Code § 65.2-309.

To the extent there would be a ruling required by the court on this particular motion, the appropriate disposition would be denial; however, I advised counsel the court would certainly enter a dismissed agreed order if that is the wish of the parties. I would suggest for counsel's consideration a decision of the Workers' Compensation Commission, *Anderson v. Washington County Sch. Bd.*, 04 WC UNP 2019428, 2004 VA Wrk. Comp. LEXIS 714 (2004). I have not done extensive research concerning this issue but a brief review appears to suggest this opinion is somewhat on point to the issue presented by the parties. I suggested to counsel that the entity to which they should be presenting their issue would be the Workers' Compensation Commission and I believe this opinion would support that position.

I did indicate the parties could submit an order to the court, if they wish. That ruling is deferred on their motion for settlement pending action by the Workers' Compensation Commission.